Corwin, C. J.
Having come to a conclusion, which disposes of this controversy on the demurrer to the first replication to second plea, and the issue joined on the second plea and second replication, we have not found it necessary to examine the important question, which has been so elaborately argued, whether, under the waiver of notice, presentment of the note was also waived.
*A decision of the point made by the demurrer to the replication demands an examination of the following provision of láw:
“No executor or administrator, after having- given notice of his appointment, as provided in section 81 of this act, shall be hold to answer to the suit of any creditor of the deceased, unless it *139 be commenced within four years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned.” Swan’s-Stat., old ed. 357.
The next section-allows, as one of the exceptions, the case when assets come to the administrator’s hands after the four years, giving . the creditor one year after actual notice of their receipt, and not more than four years after the receipt of the assets in any case.
The succeeding section provides, as another exception, the case when the right of action accrues after the four years.
But this plea brings the case clearly under the operation of the-section first cited. Does the replication withdraw it from its operation ? If not, there is nothing- in the other sections to sustain the • plaintiff’s action.
. It is claimed by plaintiff’s counsel, in order to take this case out of the statute:
That the notice given by the administrator of Little was not the “ notice of appointment ” required by the statute; but we find that it is the notice usually given by executors and administrators in. Ohio, and is a substantial compliance with the statute.
It is also claimed that the special limitation of the statute shall not operate upon this claim until the expiration of the year, which was allowed to the administrator as further time to settle the estate; but the true construction of the statute is, that after the executor- or administrator has given notice according to the statute, “ he shall not be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years of the. time of his giving bond, as aforesaid.”
The administrator having given the notice substantially as required by the statute, and the claim of the plaintiff not having been presented “ within four years of the time of his ^giving bond,” we are all of opinion that the claim is barred by the statute.
And it can not be claimed that the plaintiff is prejudiced in this conclusion, except by his own laches ; for it was perfectly within, his power, at any time after administration upon the estate existed, to present his claim to the administrator, and to secure its allowance, which would be equivalent to a judgment or its disallowance, which would clearly authorize him to commence a suit at any time-for the recovery of his claim, although the time for the settlement. of the estate had not expired.
*140 If, instead of doing so, he has chosen to lay by, without the pre.sentation of his claim until after the expiration of four years from the date of the bond of the administrator, the latter having given the requisite notice, his loss is the result of his own negligence, aud ■ constitutes no cause of complaint against the law by which it is now barred.

Judgment affirmed.